

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2008

# Tjie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5175

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tjie v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1004.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1004

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5175
_____

ALBERT CITRAJAYA TJIE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-266-475)
Immigration Judge:  Honorable Rosalind K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2008
Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed: June 19, 2008)
_____

OPINION
_____

PER CURIAM

Petitioner Albert Citrajaya Tjie petitions for review of an order of the Board of

Immigration Appeals (BIA) denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture (CAT), and a subsequent order of the BIA denying his motion to reopen. For the reasons that follow, we will deny the petition for review.

Tjie, a native and citizen of Indonesia, was admitted in the United States around June 2, 2002, as a non-immigrant B-2 visitor, authorized to remain in the country until December 1, 2002. On June 19, 2003, the Department of Homeland Security issued Tjie a Notice to Appear, charging him with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States for a time longer than permitted. Tjie conceded that he was removable, but applied for asylum and withholding of removal, claiming persecution in Indonesia as a practicing Christian of Chinese ethnicity.[1]

In support of his asylum claim, Tjie alleged that he owned a transportation company in Indonesia and twice had a truck stolen. In May 1999, Tjie contends that armed men followed him home and stole his motorbike. Tjie claims that he learned the robberies were planned by one of his former business associates because the associate was a Muslim who disapproved of Tjie's Christian faith. Tjie decided to sell his business and come to the United States, but postponed this plan when his mother became ill. In 2000, Tjie was robbed again while he was withdrawing money from a bank, and the thieves took his money and passport. In 2002, Tjie traveled to the United States. Tjie has

---

[1] The Immigration Judge also construed Tjie's asylum application as an application for protection under CAT.

2

one brother who resides in the United States, but his seven other siblings and his mother reside in Indonesia (petitioner's father is deceased). Tjie applied for asylum in April 2003.

The Immigration Judge denied Tjie's application for asylum and withholding of removal, reasoning that the truck robberies, the theft of his motor bike, and the theft of his money and passport, did not constitute past persecution on account of any of the five enumerated grounds. The IJ further observed that petitioner was able to attend church in Indonesia and that the government had taken steps to abolish discriminatory laws. Thus, the IJ concluded that Tjie "has utterly failed to establish that . . . the [Indonesian government] would be interested in persecuting him in the future on account of any of the five enumerated grounds." In addition, the IJ found that Tjie failed to prove that he would more likely than not be tortured if returned to Indonesia. The IJ granted Tjie voluntary departure. On July 11, 2006, the BIA adopted and affirmed the IJ's decision. The BIA found that the facts in Tjie's case fell squarely under <u>Lie v. Ashcroft</u>, 396 F.3d 530, 537 (3d Cir. 2005) and dismissed the appeal. Tjie later filed a motion to reopen discussing two new pieces of evidence: (1) petitioner claimed that in a recent telephone call, his younger brother informed him that petitioner's former business associate "came to his home and asked to see respondent impolitely;" and (2) petitioner claimed that the minister from his former church in Indonesia told him not to come home because their church "was threatened to be closed." The BIA denied the motion to reopen on November

3

27, 2006.

In his petition for review, Tjie states that he is seeking review of the BIA's order dated November 27, 2006 (denying petitioner's motion to reopen) and the BIA's order dated July 11, 2006 (affirming the IJ's original decision denying petitioner's application for asylum, withholding of removal, and relief under CAT). However, Tjie did not timely file a petition for review challenging the BIA's original final order of removal dated July 11, 2006. Accordingly, the only question that is properly before this Court is whether the BIA abused its discretion in denying Tjie's motion to reopen, as the Court lacks jurisdiction to review the BIA's July 2006 order. See Stone v. INS, 514 U.S. 386, 405 (1995). See also 8 U.S.C. § 1252(b)(1).

Although we have jurisdiction to review the BIA's order denying Tjie's motion to reopen, see, e.g., Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003), the scope of our review is quite limited. See INS v. Doherty, 502 U.S. 314, 323 (1992). Under the regulations, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Accordingly, the Court reviews the BIA's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna, 325 F.3d at 409 (quotation omitted). When the BIA denies a motion to reopen because the alien fails to make a prima facie case for the underlying substantive relief sought, this Court reviews

4

the BIA's findings of fact for substantial evidence, and the ultimate decision to reject the motion to reopen for an abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 170, 174 (3d Cir. 2002). Thus, in order to succeed on the petition for review, Tjie must show that the BIA's rejection of his motion to reopen was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (quotation omitted).

In his appellate brief, Tjie makes no attempt to demonstrate that the BIA abused its discretion in denying his motion to reopen. Tjie makes several passing references to the denial of his motion to reopen, but offers no substantive arguments in support of his position that he was "entitled to the reopening of his immigration case before the BIA." Tjie's brief does not even reference the two new pieces of evidence that he previously relied on in support of his motion to reopen. Instead, Tjie devotes his entire appellate brief to re-arguing the merits of his application for asylum and withholding of removal. Accordingly, we agree with the Respondent that Tjie has effectively waived any challenge to the BIA order denying his motion to reopen. See United States v. Quillen, 335 F.3d 219, 224 (3d Cir. 2003); Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("a passing reference to an issue . . . will not suffice to bring that issue before this court.") (quotation omitted).

Regardless, even if Tjie had not waived any challenge to the BIA order denying his motion to reopen, we would nonetheless deny his petition for review. The BIA's conclusion that Tjie failed to meet his burden of showing that a motion to reopen was

5

warranted is not arbitrary, irrational, or contrary to law. See Tipu, 20 F.3d at 582. As the BIA concluded, Tjie's "unsupported claim that a business competitor is still angry with respondent is not a ground for asylum, and [the fact] that the respondent's church may have been threatened with closing is insufficient to support a finding that the [petitioner] has a well-founded fear of persecution."[2] Thus, the BIA's resolution of the merits of Tjie's motion to reopen, in holding that Tjie failed to make a prima facie showing, was not an abuse of discretion. See Sevoian, 290 F.3d at 175, 177; Guo v. Ashcroft, 386 F.3d 556 (3d Cir. 2004) (prima facie case standard for a motion to reopen requires applicant to produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief).

For the foregoing reasons, we will deny the petition for review.[3] Respondent's motion for summary disposition is granted to the extent that it seeks denial of the petition for review.

---

[2] On appeal, Tjie further asserts that he "might present" a "suicidal risk should he be returned to Indonesia," but petitioner provides no support for this statement, and did not raise this claim before the BIA.

[3] The petition for review also appears to renew a request for a stay motion. This request is denied.